UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DR. NANA OSUNDARA
AJAMU NEFERTITI EL,

                Plaintiff,

v.

MARTIN POWELSON, ET AL..

                Defendants.
_____/

Case No. 15-10107

Paul D. Borman
United States District Judge

OPINION AND ORDER:
(1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT
WITHOUT PREPAYMENT OF FEES OR COSTS (ECF NO. 2);
(2) DISMISSING THE COMPLAINT PURSUANT TO
28 U.S.C. § 1915(e)(2)(B) (ECF NO. 1);
(3) DENYING AS MOOT PLAINTIFF'S "EX PARTE EMERGENCY TRO AND MOTION
TO STAY" (ECF NO. 3)

The matter now before the Court is Plaintiff Dr. Nana Osundara Ajamu Nefertiti El's ("Plaintiff") "Application to proceed in District Court without Prepayment of Fees or Costs". (ECF No. 2).

Plaintiff's present action was filed on January 12, 2015 against Martin Powelson, Gary Segatti & Associates, PLLC, and Wayne County Treasurer (the foreclosure governmental unit). (ECF No. 1). Plaintiff's extremely brief complaint is difficult to decipher. To the extent this Court can comprehend the allegations asserted, Plaintiff appears to seek to quiet the title of a property against the named Defendants. Plaintiff's substantive complaint sets forth that she:

> ALLEGES A DEFECTIVE WARRANT DEED ACQUIRED BY DEFENDANT(1)
> AND ISSUED BY STATE OF MICHIGAN – WAYNE COUNTY TREASURER
> (FGU) FORECLOSURE GOVERNMENTAL UNIT IN ALLEGED AND

AGGRAVATED DENIAL OF DUE PROCESS, and applicable due diligence at (MCL) 600.2932; Act of 206, Sec. 211.78P(1)(2), LAND PATENT CLAIMS AND CONSTITUTIONAL PROTECTIONS OF HOMESTEAD RIGHTS, INTER ALIA.

(ECF No. 1 at 5) (capitalization in original). Plaintiff also cites with no explanation that "Title 25 U.S.C. § 194, INDIAN LAND CLAIM" is a basis for the Court's jurisdiction. (*Id*.). Finally, Plaintiff states that she is seeking "THE EQUAL PROTECTION OF THE FEDERAL COURT, TO UPHOLD THE RIGHTS OF AN INDIAN LAND HOLDER AND THE RIGHTS OF LAND PATENT".

In addition to the complaint and application to proceed without prepayment of fees, Plaintiff filed an "EXPARTE EMERGENCY TRO and MOTION TO STAY" a state court judgment of eviction on February 3, 2015. (ECF No. 3). The Court notes that this motion requests that the Court stay a "judgment for eviction in favor of Defendant Martin Powelson" "pending the outcome" of this Federal action. (ECF No. 3 at 1-2). The judgment of eviction that Plaintiff seeks to stay involves Plaintiff's residence, 17567 Monica Street, Detroit, MI. (ECF No. 3 at 1). Reading the filings in this action together, it appears that the property at issue in this action is most likely that same property, Plaintiff's residence on Monica Street in Detroit, Michigan.[1]

---

[1] Plaintiff did not indicate that there was a related state court case in her initial filings. (*See* ECF No. 1). However, her complaint references a "defective title exhibit[]" that is described as a "notice of foreclosure judgment: 11/07/2014" but is not attached nor is the property at issued referenced. Further, her Emergency Motion for TRO refers to a "matter against the 36th District Court of the State of Michigan's judgment for eviction in favor of Defendant Martin Powelson". (ECF No. 3 at 1). Finally, Plaintiff filed an "Affidavit of No Jurisdiction" which appears to be a filing from case number 14332693 in 36th District Court in the State of Michigan and provides in part that "[t]his case is out of jurisdiction of 36th District Court. The defendant is an aboriginal, indigenous, Native American and therefore is not a tenant." (ECF No. 4 at 1).

I.	Proceeding without Prepayment of Fees

Pursuant to 28 U.S.C. § 1915(a)(1), a court may allow commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor."  In the instant action, Plaintiff has supplied an affidavit which appears to set forth that she is unemployed, has no savings or current income, and notes that "League of Indian Nations of North America Fees Exempt".  (ECF No. 2).  Plaintiff also indicates that she does not own any property.  (ECF No. 2 at 2).  Based on this information the Court will grant Plaintiff's Application to Proceed without Prepayment of Fees or Costs as it appears that she is without income or assets.

Pursuant to 28 U.S.C. § 1915 this Court is also required to dismiss a complaint filed without prepayment of fees that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).  The United States Court of Appeals for the Sixth Circuit has explained:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A.  However, the district court must still screen the complaint under § 1915(e)(2). ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of the section.  The screening must occur even before process is served or the individual has had an opportunity to amend the complaint.  The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).  An action must be dismissed as frivolous when "it lacks an arguable basis either in law or in fact."  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Under § 1915(e), courts may dismiss a complaint not only when it is "based on an indisputably meritless legal theory" but also when the "factual contentions [on which it relies] are clearly baseless." *Anson v. Corr.*

3

*Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (quoting *Neitzke*, 490 U.S. at 327). A complaint that is legally frivolous "*ipso facto*" fails to state a claim upon which relief can be granted. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) (citing *Neitzke*, 490 U.S. at 328-29).

Dismissals for failure to state a claim pursuant to § 1915e(2) "are governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6)." *Moniz v. Cox*, 512 F. App'x 495, 497 (citing *Hill*, 630 F.3d at 470-71). Accordingly, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Moniz*, 512 F. App'x at 496 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see* 28 U.S.C. § 1915(e)(2)(ii) (providing that a court "shall" dismiss the case at any time if the court determines that the action "fails to state a claim on which relief may be granted").

In applying these standards, the Court must liberally construe the *pro se* litigant's complaint and hold it to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (finding "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted.").

II.     Failure to State a Claim

The Court finds that Plaintiff's complaint has failed to set forth a claim upon which relief can be granted. The Federal Rules of Civil Procedures require that a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). This Court recognizes, as stated above, that Plaintiff's *pro se* pleadings must be "liberally construed", however, "[a]lthough a complaint need not contain detailed factual allegations, it does

4

require more than 'labels and conclusions' or formulaic recitation of the elements of a cause of action." *Moniz*, 512 F. App'x at 496 (quoting *Reily v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012)). Indeed, a complaint must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In this action, Plaintiff's complaint is very brief and appears to be lists of unattached exhibits, references to statutes, and a complete lack of factual allegations or explanation to support or unite these lists and citations.

Specifically, Plaintiff's complaint references a federal statute, 25 U.S.C. § 194 which provides that "[i]n all trials about the right of property in which an Indian may be a party on one side, and white person on the other, the burden of proof shall rest upon the white person, whenever the Indian shall make out a presumption of title in himself from the fact of previous possession or ownership." However, there is nothing in this statute that provides plaintiff a federal right of action. Plaintiff also references a Michigan statute, § 600.2932, which allows any person who claims "any right" in or interest in land to bring an action in the Michigan circuit courts against a person who claims an inconsistent interest in that same land. MICH. COMP. LAWS § 600.2932 (1). However, Plaintiff's complaint does not indicate what interest, if any, Plaintiff has in any property. Further, and to the extent Plaintiff references a defective deed, Plaintiff has similarly failed to allege any facts regarding the deed or specify how the deed was acquired "in denial of due process". (ECF No. 1 at 5). Finally, Plaintiff cites the Michigan Property Tax Act 206 of 1893, Mich. Comp. Laws §§ 211.78p and 211.78b "Notice Provisions". (ECF No. 1 at 5). Section 211.78p provides that when a property is transferred to federally recognized Indian tribe members or entities as a result of delinquent taxes, "the taxes that were returned as delinquent and that were due on that property at

5

the time of that sale, transfer, or conveyance are a personal liability of the transferor to whom the delinquent taxes were originally billed." MICH. COMP. LAWS § 211.78p(1). Section 211.78b, sets forth the notice provisions regarding the return of delinquent taxes including to whom a notice must be sent. Again, Plaintiff's complaint does not set forth any facts that would enlighten the Defendants as to how these statutes relate to Plaintiff.[2]

Therefore, even reading all of Plaintiff's pleadings, including her Emergency TRO and her "Affidavit of No Jurisdiction" together and under the most liberal construction, Plaintiff has failed to give the Defendants notice of the "grounds upon which [her claim] rests." Indeed, Plaintiff's pleadings fail to give the Defendants any direction as to what claims she is attempting to assert because her complaint is completely bereft of factual allegations. Rather, the complaint sets forth legal citations and lists of unattached exhibits, which amounts to at most "labels and conclusions". Therefore, the Court finds that Plaintiff's complaint fails to state a claim because it fails to provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) ((citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

---

[2] Plaintiff also appears to make passing references to the Indian Civil Rights Act of 1968 and 22 U.S.C. § 7102 et seq., known as the Trafficking Victims Protection Act.

III.     CONCLUSION

Accordingly, the Court GRANTS Plaintiff's Application to Proceed without Prepayment of Fees or Costs (ECF No. 2); DISMISSES Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (ECF No. 1); and DENIES as MOOT Plaintiff's "EXPARTE EMERGENCY TRO and MOTION TO STAY" (ECF No. 3).

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 4, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 4, 2015.

s/Deborah Tofil
Case Manager